Jermyn. All their pleas and precedents are so. It is a notorious jurisdiction, as in London.
It is not a county palatine; we know not, as Judges, what jurisdiction they have. And this is error, unless it is helped by some precedent in this court. It is not enough that the precedents in their court should have that style, but it ought to be supported by some precedent of this court. For when they certify the record here, they show by what authority they hold pleas; and although our books show their jurisdiction, we are not bound as Judges, to take notice of it. But we may help this by alleging a *diminution of record, and send a certiorari to have the record made more full.
WHITLOCK, J., concurred. (Absente DODERIDGE, J.)
(2) The action is not shown to have arisen within the jurisdiction of the court. *Page 761 
 Jermyn. The court knows that the whole island is within their jurisdiction. The style is infra insulam, and the matter is alleged infrajurisdictionem.
JONES and WHITLOCK, JJ., ut supra.
The case was: An action was brought there on a promise. Whereupon the plaintiff counted that his father, the defendant, endeavored to prevail on him to marry such a woman, which, at his request, he did; and in consideration of it, his father promised to assure him B. acre in D. and W. acre in S. necnon diversa alia tenementa proxime adjacentia terrae of the plaintiff, which the defendant neglected to do. The plaintiff sued him in Chancery, and then verbatim showed the bill in Chancery, and that the bill was depending there 19 Jac., and that on such a day, 20 Jac., the defendant, in consideration that the plaintiff would surcease the suit in Chancery, promised to give him so much money, and also B. acre in D. and W. acre in S. necnon diversa alia tenementa proxime adjacentia to the land of the plaintiff; and alleged a breach in the whole. The defendant pleaded an insufficient bar, whereupon they took issue, and it was found for the plaintiff, and damages assessed and judgment given, and now the father brought a writ of error.
(3) The bill is alleged to be depending, 19 Jac., and there is no averment that it was still depending, 20 Jac., when the promise was made.